UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **THOMAS RODNEY DOOLEY, JR.** | **DOCKET NO. 5:16-cv-1319; SEC. "P"** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Pro se petitioner Thomas Rodney Dooley, Jr. (#479859) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because his petition contained little information regarding his conviction, Petitioner was ordered to amend. The amended petition was filed on October 24, 2016. (Doc. 6).

Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Petitioner alleges that the court of conviction lacked subject-matter jurisdiction to convict him, and/or the State of Louisiana lacked standing to prosecute him. He seeks an immediate release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

According to his original petition, Petitioner was convicted of unspecified crimes in the 26th Judicial District Court, Bossier Parish, on November 20, 2012. (Doc. 1, p. 1). Petitioner did not appeal his conviction or seek post-conviction relief in the state courts. (Doc. 1, pp. 2, 6).

The Court notified Petitioner that it intended to construe the § 2241 petition as one arising under § 2254 and warned Petitioner that any subsequent § 2254 petition would be subject to the restrictions on second or successive motions. (Doc. 5). The Court provided Petitioner with an

opportunity to dismiss the petition if he did not want it construed under § 2254. (Doc. 5). Petitioner was ordered to amend his petition on a § 2254 form provided by the Clerk of Court if he wished to challenge his state court conviction. (Doc. 5). Petitioner refused to comply with the order to amend. (Doc. 6).

Petitioner claims, without explanation, that the State of Louisiana lacked subject-matter jurisdiction to convict him. Petitioner provides no facts in support of his claim.

## Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed, see Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), or pre-trial issues, such as violations of the state speedy trial act, double jeopardy, or bond conditions see Stringer v. Williams, 161 F.3d 259 (5th Cir. 1998). Section 2254, on the other hand, applies when a prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court. See id.; Stewart v. Cain, 71 F.3d 879 (5th Cir. 1995).

Petitioner makes a general allegation that the trial court did not have jurisdiction to convict and sentence him. Petitioner insists that he is not challenging his conviction. Petitioner states, "Petitioner is challenging the States [sic] jurisdiction of subject-matter and standing ab inito, whereas, the merits of the case, conviction and sentence are not in question." (Doc. 6). Petitioner does not explain how or why the trial court lacked jurisdiction, and he provides no factual support for his claim. (Docs. 1, 6).

Petitioner's claim that the trial court lacked subject matter jurisdiction to convict him necessarily challenges the validity of his convictions. Therefore, Petitioner must seek relief under § 2254, not § 2241. See Propes v. District Attorney Office, 445 Fed. App'x 766, 767 (5th Cir. 2011);

Williams v. Cain, No. CIV.A. 14-1517, 2015 WL 4647947, at *2 (E.D. La. July 27, 2015); Smith v. Stephens, No. 4:13–CV–544, 2013 WL 3456675 (N.D. Tex. July 9, 2013); Sims v. Cooper, Civ. Action No. 12–409, 2012 WL 5463909, at *2 (E.D. La. Oct. 11, 2012), *adopted*, 2012 WL 5463784 (E.D. La. Nov. 8, 2012).

Additionally, § 2241(c) provides that "the writ of habeas corpus shall not extend to a prisoner unless" one of five following situations exist:

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted ... or

(5) It is necessary to bring him into court to testify or for trial.

If Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" as contemplated by § 2241(c)(3), he is also in custody such that he may proceed under 28 U.S.C. § 2254. Because "a more specific provision controls a more general provision," the action falls under the more specific provision of § 2254. See Carmona v. Andrews, 357 F.3d 535, 538 (5th Cir. 2004); Gaines v. Dretke, No. 3:04-CV-1185, 2005 WL 1540192 (N.D. Tex. June 30, 2005), report accepted, 2005 WL 1799518 (N.D. Tex. July 27, 2005). Thus, Petitioner's only avenue for habeas relief is through § 2254.

Petitioner was advised that the Court intended to construe his § 2241 petition as a § 2254 petition, and that he should dismiss his § 2241 petition if he did not want it so construed. (Doc. 5).

Federal courts may construe and re-characterize a pro se prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint." Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 n. 1 (5th Cir. 1987). Filing under § 2241 does not relieve the requirements of § 2254 for persons in custody pursuant to a state court decision. See Salinas v. Texas Parole Bd., No. 10-984, 2011 WL 318296, at *2 (W.D. Tex. Jan. 31, 2011); Stephens v. Cain, 2010 WL 4386521, at *1, n. 1 (M.D. La. 2010); Estrada v. Thaler, 2010 WL 2216315, at *2 (N.D. Tex. 2010).

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for habeas corpus by persons, such as Petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). The limitations period is tolled only for as long as the state application remains pending in the state's courts. See Johnson v. Quarterman, 483 F.3d 278 (5th Cir. 2007).

Because he did not appeal, Petitioner's conviction became final for AEDPA purposes on or about December 20, 2012, 30 days after he was sentenced in state court. (Doc. 1, p. 1). Petitioner

does not allege that he filed an application for post-conviction relief, and a search of the jurisprudence does not indicate that he filed such an application. Therefore, Petitioner is not entitled to statutory tolling. As such, Petitioner had one year, or until December 20, 2013, within which to file a § 2254 petition. Petitioner's request for relief is clearly time-barred.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this Court construe Dooley's § 2241 petition as one seeking relief under § 2254 and dismiss with prejudice as time-barred under § 2244.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this 3rd day of November, 2016.

Karen L. Hayes
United States Magistrate Judge