UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **THOMAS RODNEY DOOLY, JR.** | * | **CIVIL ACTION NO. 16-1319** "Sec. P" |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to withdraw habeas corpus petition, [doc. #8], filed by Plaintiff Thomas Dooly who is proceeding *in forma pauperis* in this matter. For reasons stated below, it is recommended that the motion be **DENIED**.

Law and Analysis

On September 19, 2016, Thomas Dooly filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [doc. #1]. Dooly's petition makes general allegations that the trial court did not have jurisdiction to convict and sentence him. *Id.* However, Dooly did not explain why or how the trial court lacked jurisdiction and provided no factual support for his claim. [docs. #1, #6]. On October 7, 2016, the Court notified Dooly that it intended to construe his § 2241 petition as one arising under 28 U.S.C. § 2254, gave him an opportunity to voluntarily dismiss his petition if he did not want it so construed, and ordered him to amend his petition on a § 2254 form if he wished to proceed. [doc. #5]. Dooly did not dismiss his case and insisted that § 2241 was the proper vehicle for this action. [doc. #6]. Accordingly, on November 3, 2016, the undersigned issued a Report and Recommendation recommending dismissal of Dooly's petition as time-

1

barred under § 2254. [doc. #7]. Dooly now seeks to withdraw his petition and a dismissal of his case without prejudice. [doc. #8].

As explained in the Report and Recommendation, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *see* doc. #7, p. 4. The limitation period runs from " . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ." § 2244(d)(1)(A). The limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". § 2244(d)(2).

Dooly's conviction became final for AEDPA purposes on or about December 20, 2012. Dooly did not appeal his conviction and there is no indication that he filed an application for post-conviction relief that would entitle him to tolling. Therefore, Petitioner had one year, or until December 20, 2013, within which to file a § 2254 petition. The instant petition is untimely and any petition filed later would also be untimely. *See Norman v. Hubert*, No. 07-765-FJP-SCR, 2008 WL 294926, *2 (M.D. La. Jan. 31, 2008) (denying motion to withdraw untimely § 2254 petition where future petitions would also be untimely).[1]

Unlike habeas petitions governed by AEDPA, habeas petitions under § 2241 have no statute of limitations. *Hartfield v. Quarterman*, 603 F.Supp.2d 943, 948 (S.D. Tex. 2009); *see*

---

[1] This is not a situation where Petitioner is seeking to voluntarily dismiss a *timely* habeas corpus application in order to return to state court to exhaust state court remedies. In such a circumstance, voluntary dismissal of a federal habeas petition may be proper. *See Fontana v. Warden, Winn Corrections Ctr.*, No. 3:04-CV-1620, 2009 WL 2707373, *7 (W.D. La. Aug. 27, 2009). Here, Dooly's petition is time-barred, any future petition would be time-barred, and any petition for post-conviction relief in state court would similarly be time-barred. *See* LA. CODE CRIM. P. art. 930.8; 22 U.S.C. § 2244(d)(1)(A).

*Johnson v. Cain*, No. 15-310, 2015 WL 10438640, *4 (E.D. La. June 4, 2015) (declining to recommend dismissal "[i]n the absence of controlling Fifth Circuit authority clearly indicating that the one-year statute of limitations applies to Section 2241 petitions . . . ."). Because Dooly was challenging the validity of his conviction, the Court construed his petition as one arising under § 2254.[2] Thus, Dooly would still be able to file a petition under § 2241 if he in good faith could do so in the future.

**Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that Dooly's motion to withdraw his § 2254 petition, [doc. #8], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[2] Federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint." *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n. 1 (5th Cir. 1987). Section 2254, not section 2241, applies when a prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court. *See id*; *Stewart v. Cain*, 71 F.3d 879 (5th Cir. 1995).

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 30th day of November, 2016.

/s/ Karen L. Hayes

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE